IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT TARPLEY,                                             ORDER

                Petitioner,                      12-cv-118-bbc

      v.

ROBERT WERLINGER, Warden,
FCI Oxford, Wisconsin,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 23, 2012, I denied petitioner Robert Tarpley's petition for a writ of habeas corpus under 28 U.S.C. § 2241 after determining that he failed to satisfy the legal standard for review found in 28 U.S.C. § 2255(e).  On May 16, 2012, I denied petitioner's motion for reconsideration.  Now petitioner has filed a notice of appeal.

Because petitioner has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal.  Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act.  Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255").  Nevertheless,  in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1) and (3).  I do not

1

intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, I add the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

I cannot tell whether petitioner qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, I will stay a decision on petitioner's request for leave to proceed in forma pauperis pending his submission of the necessary trust fund account statement.


ORDER

IT IS ORDERED that a decision whether petitioner Robert Tarpley may proceed in forma pauperis on appeal is STAYED. Petitioner may have until June 13, 2012 in which to submit a trust fund account statement for the six-month period beginning approximately November 17, 2011 and ending approximately May 17, 2012. If, by June 13, 2012, petitioner fails to submit the necessary trust fund account statement, I will deny his request

2

for leave to proceed in forma pauperis on appeal for his failure to show that he is entitled to

indigent status on appeal.

Entered this 22d day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge